Case 7:20-cv-00250 Document 22 Filed on 02/03/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| 7.731 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS; SYLVIA G. SALINAS a/k/a ELVA SYLVIA GUERRA SALINAS; MANUEL S. GUERRA; ROSA MARIA G. GUERRA; RUBEN ROBERTO GUERRA; MARIA DOLORES G. SAENZ; ELIZABETH D. GARCIA; JOEL A. GUERRA III; ANNA G. MUNOZ a/k/a ANA G. MUNOZ; DEBORAH ANN G. PEREZ LUGO a/k/a DEBRA ANN G. PEREZ LUGO; VERN VANDERPOOL; and AMEIDA SALINAS, Starr County Tax Assessor-Collector, | § § § § § § § § § § § § § CIVIL ACTION NO. 7:20-cv-00250 |
| Defendants. | § |

## ORDER

The Court now considers "Defendants Sylvia G. Salinas a/k/a Ms. Elva Sylvia Guerra Salinas, Rosa Maria G. Guerra, Ruben Roberto Guerra, Maria Dolores G. Saenz, Joel A. Guerra III, Anna G. Munoz a/k/a Ms. Anna G. Munoz, Manuel S. Guerra, Deborah Ann G. Perez Lugo and Elizabeth Diana Garcia's Unopposed Motion to Stay Construction and Motion to Stay Condemnation Proceedings."[1] Because the motion is unopposed,[2] the Court considers it as soon as practicable.[3] Defendants request the Court take judicial notice of President Biden's January

---

[1] Dkt. No. 21.
[2] *See id.* at 6.
[3] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable."). Although the named Defendants did not state the position of their co-

20th proclamation concerning the border wall and stay this case for sixty days, consistent with the presidential proclamation, while Defendants "anticipate receiving more guidance from the current Presidential Administration on how the border wall project is to proceed, or not proceed, within sixty (60) days," and to save costs that might otherwise be expended on expert witnesses to consider the valuation issues in this case.[4]

The President's proclamation directs numerous heads of executive agencies to "pause work on each construction project on the southern border wall" and to "develop a plan for the redirection of funds concerning the southern border wall . . . within 60 days" from January 20th.[5] "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."[6] The Court finds good cause in Defendants' unopposed request that this eminent domain proceeding be abated while the United States develops its plan concerning the border and associated land use. The Court **GRANTS** Defendants' motion.[7] In light of the stay granted, the Court issues the following case-specific schedule which controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to file all documentation adding, substituting, disclaiming, or dismissing interested parties.[8]<br><br>N.B.[9]: If necessary, the United States may also file amended condemnation documents or an amended schedule of interested parties. | April 9, 2021 |

---

Defendants, Local Rule 7.1.D only requires the movant to confer with the respondent of the motion, not the other Defendants.
[4] Dkt. No. 21 at 2–3.
[5] Proclamation No. 10142, §§ 1–2, 86 Fed. Reg. 7,225, 2021 WL 197402 (Jan. 20, 2021).
[6] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).
[7] Dkt. No. 21.
[8] *See* FED. R. CIV. P. 71.1(i).
[9] *See N.B.*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Note well; take notice — used in documents to call attention to something important.").

| | |
|---|---|
| Deadline for all parties to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | July 29, 2021 |
| Deadline for all parties to designate rebuttal expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | September 13, 2021 |
| Discovery deadline. | October 29, 2021 |
| Deadline to notify the Court whether the parties (1) consent to the Court deciding the issue of just compensation upon briefs and evidence submitted therewith or (2) request an evidentiary hearing on the issue of just compensation.<br><br>N.B.: Parties may request a jury trial or a special commission[10] or consent to a bench trial. There is no right to jury trial.[11] | November 14, 2021 |
| Deadline to file briefs and submit evidence (or anticipated evidence if an evidentiary hearing is requested) on the issue of just compensation.<br><br>N.B.: The Court will conduct a preliminary screening of the briefs and anticipated evidence submitted to determine whether the evidence is sufficient to order a jury trial if one is requested.[12] | December 13, 2021 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the Joint Pretrial Order. | January 13, 2022 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or | March 14, 2022 |

---

[10] FED. R. CIV. P. 71.1(h).
[11] *Ga. Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *aff'd sub nom. Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc).
[12] *See United States v. 320.0 Acres of Land, More or Less in Monroe Cty.*, 605 F.2d 762, 819–20 (5th Cir. 1979); *United States v. 33.92356 Acres of Land, More or Less, in Vega Baja*, 585 F.3d 1, 8 (1st Cir. 2009) (citing *320.0 Acres*, 605 F.2d at 815) ("While the jury tries issues of valuation, the trial judge must screen the proffered best and highest uses . . . .").

| | |
|---|---|
| proposed findings of fact & conclusions of law).[13] | |
| Final pretrial conference and trial scheduling, unless the parties elected for the Court to decide the issue of just compensation upon the briefs and evidence submitted therewith, in which case the conference is automatically cancelled. | April 18, 2022, at 9:00 a.m. |

This scheduling order supersedes any earlier scheduling order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[14] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of February 2021.

_____
Micaela Alvarez
United States District Judge

---

[13] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).
[14] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).