UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 7.731 ACRES OF LAND, more or less, in § STARR COUNTY, TEXAS; SYLVIA G. § SALINAS a.k.a. ELVA SYLVIA GUERRA § SALINAS; MANUEL S. GUERRA; ROSA § MARIA G. GUERRA; RUBEN ROBERTO § GUERRA; MARIA DOLORES G. SAENZ; § ELIZABETH DIANA GARCIA; JOEL A. § GUERRA, III; ANNA G. MUNOZ a.k.a. § ANA G. MUNOZ; and DEBORAH ANN § G. PEREZ LUGO a.k.a. DEBRA ANN G. § PEREZ LUGO, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00250 |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Motion for Order Establishing Just Compensation, Granting Possession, Distributing Funds on Deposit in the Registry of the Court, and Closing Case,"[1] and having determined that it warrants entry of this final judgment,[2] the Court **ORDERS**, **ADJUDGES**, and **DECREES** that:

The United States is granted four fee simple absolute interests respectively over the four Tracts RGV-RGC-2005, RGV-RGC-2005-1, RGV-RGC-2006, and RGV-RGC-2042, as particularly described in the United States' Schedules C and D, totaling 7.731 acres of land situated

---

[1] Dkt. No. 32.
[2] Dkt. No. 33.

1 / 4

in Starr County, Texas.[3] Said four fee simple absolute interests are each limited by the following: they are subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; subject to the mineral interests of third parties; excepting and reserving to Defendants Sylvia G. Salinas a.k.a. Elva Sylvia Guerra Salinas; Manuel S. Guerra; Rosa Maria G. Guerra; Ruben Roberto Guerra; Maria Dolores G. Saenz; Elizabeth Diana Garcia; Joel A. Guerra, III; Anna G. Munoz a.k.a. Ana G. Munoz; and Deborah Ann G. Perez Lugo a.k.a. Debra Ann G. Perez Lugo all interests in minerals and appurtenant rights for the exploration, development, production and removal of said minerals; and reserving to said Defendants reasonable access to and from their lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the places identified in the United States' Schedule E;[4] and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

The Court **ORDERS** the United States, pursuant to its agreement with Defendants,[5] to sleeve in place the existing irrigation lines in the event the United States proceeds to construct a border wall or fence on the property taken in this proceeding. Should the United States proceed to construct a border wall or fence on the property taken in this proceeding, the Court further **ORDERS** the United States to install an irrigation line from the canal on the river side of the border construction to the land side of the border construction which is suitable to allow for continued irrigation to the land side of the border construction.

The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests

---

[3] Dkt. No. 1-1 at 5–30.
[4] *Id.* at 34.
[5] Dkt. No. 32 at 2, ¶ 4.b.

in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of one hundred twenty-five thousand dollars ($125,000), together with any interest earned while on deposit in the registry of the Court,[6] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC-2005, RGV-RGC-2005-1, RGV-RGC-2006, and RGV-RGC-2042, and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of September 8, 2020,[7] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $125,000 and all interest on deposit in the Court's registry payable to the order of Barron, Adler, Clough & Oddo, LLP, as trustee for Sylvia G. Salinas a.k.a. Elva Sylvia Guerra Salinas; Manuel S. Guerra; Rosa Maria G. Guerra; Ruben Roberto Guerra; Maria Dolores G. Saenz; Elizabeth Diana Garcia; Joel A. Guerra, III; Anna G. Munoz a.k.a. Ana G. Munoz; and Deborah Ann G. Perez Lugo a.k.a. Debra Ann G. Perez Lugo and transmit the payment to:

Roy R. Brandys
Barron, Adler, Clough & Oddo, LLP
808 Nueces Street

---

[6] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).
[7] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); Dkt. No. 1-1 at 36 (estimating $77,000 to be just compensation); Dkt. No. 6 (deposit of $77,000 in the Court's registry).

Austin TX 78701-2216

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendants Sylvia G. Salinas a.k.a. Elva Sylvia Guerra Salinas; Manuel S. Guerra; Rosa Maria G. Guerra; Ruben Roberto Guerra; Maria Dolores G. Saenz; Elizabeth Diana Garcia; Joel A. Guerra, III; Anna G. Munoz a.k.a. Ana G. Munoz; and Deborah Ann G. Perez Lugo a.k.a. Debra Ann G. Perez Lugo shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Sylvia G. Salinas a.k.a. Elva Sylvia Guerra Salinas; Manuel S. Guerra; Rosa Maria G. Guerra; Ruben Roberto Guerra; Maria Dolores G. Saenz; Elizabeth Diana Garcia; Joel A. Guerra, III; Anna G. Munoz a.k.a. Ana G. Munoz; and Deborah Ann G. Perez Lugo a.k.a. Debra Ann G. Perez Lugo. This final judgment resolves all issues in this case. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of September 2021.

_____
Micaela Alvarez
United States District Judge



4